UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SACHIN KIVLEKAR and SREEDEVI GUNTUPALLI, | § § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:21-cv-2576-B-BN |
| U.S. CITIZENSHIP AND IMMIGRATION SERVICES and KIRT THOMPSON, in his official capacity as Director of the Texas Service Center, | § § § § § | |
| Defendants. | § § § | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, citizens of India, filed suit against the U.S. Citizenship and Immigration Services and Kirt Thompson, Director of the USCIS's Texas Service Center, in his official capacity, under the Administrative Procedures Act and the federal mandamus statute to request declaratory and injunctive relief: specifically, that the Court order the USCIS to adjudicate by October 31, 2021 their pending Form I-485 Applications to Adjust Status to permanent residence. *See* Dkt. No. 7 (first amended complaint).

Plaintiffs also move for an emergency temporary restraining order [Dkt. No. 2] through which they explain that "[t]his emergency request is the result of the October 14, 2021, announcement that priority dates—the date at which an individual is eligible for permanent residency based on applications filed years ago—for Indian citizens will be retrogressing from January 1, 2014 for EB-3 applicants to January 15, 2012. Absent this Court's intervention, Plaintiffs will be thrust into an indefinite, but undeniably long delay in Plaintiffs' applications for permanent residency being

granted." Dkt. No. 3 at 2 (emphasis omitted). As ordered, *see* Dkt. No. 9, Defendants filed an expedited response to the TRO, *see* Dkt. Nos. 13 & 14. And Plaintiffs replied. *See* Dkt. No. 16.

Temporary and accelerated injunctive relief—through either a TRO or a preliminary injunction—"is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance." *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997) (citing *Allied Mktg. Grp., Inc. v. C.D.L. Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989)). So, to obtain the TRO they seek, Plaintiffs must unequivocally "show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (internal quotation marks omitted); *accord Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

But Plaintiffs have not shown a substantial likelihood that they will prevail on the merits of their case because they have failed to unequivocally demonstrate that the Court has jurisdiction to provide the relief that they seek.

The Court is persuaded that I-485 applicants do not possess "a 'clear and certain' right to have [their] I-485 application[s] adjusted within [a certain number of days] of [the application's] filing—or that the USCIS has a 'plainly prescribed' duty to process the application within [a set] time frame." *Bian v. Clinton*, 605 F.3d 249, 255 (5th Cir. 2010) (in which suit was brought under both the APA and the mandamus statute, and the Fifth Circuit concluded "that the district court lacked jurisdiction to consider Bian's claim, as Congress has expressly precluded judicial review of the USCIS's pace of adjudication when the agency acts within its discretion and pursuant to the

regulations that the agency deems necessary for carrying out its statutory grant of authority"), *vacated as moot*, 2010 WL 3633770 (5th Cir. Sept. 16, 2010); *cf. Melot v. Bergami*, 970 F.3d 596, 599 n.11 (5th Cir. 2020) (finding persuasive a "thoughtful opinion" from the Tenth Circuit "although [that opinion was] vacated as moot on rehearing").

The Court therefore **DENIES** Plaintiffs' Emergency Motion for Temporary Restraining Order under the All Writs Act [Dkt. Nos. 2].

**SO ORDERED.**

**DATE: October 28, 2021.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE